# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TYRONE MALONE,<br><br>                         Petitioner,<br><br>v.<br><br>W.L. MONTGOMERY, Warden, et al.,<br>                         Respondents. | Case No.:  15cv2942 BEN (RBB)<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 15]** |

      Petitioner Edward Tyrone Malone, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in United States District Court for the Northern District of California on October 20, 2015 [ECF No. 1].  The case was transferred to this Court [ECF No. 5] and dismissed without prejudice for failure to sign the petition under penalty of perjury [ECF No. 7].  On February 5, 2016, Malone filed a First Amended Petition [ECF No. 10].  Respondent filed a Notice of Motion and Motion to Dismiss the Petition for Writ of Habeas Corpus [ECF No. 15] and a Notice of Lodgment [ECF No. 16] on May 31, 2016.  Respondent argues that Malone's Petition is untimely and all the individual claims are procedurally deficient.  (Resp't's Mot. Dismiss Attach. #1 Mem. P & A. 2, ECF No. 15.)  On June 24, 2016, Petitioner filed a Notice of intent to proceed without a response [ECF No. 18], alleging that he is unable to submit an

opposition to Respondent's Motion and requesting that the Court "move forward with the appropriate procedures which may legally confirm this matter . . . ." (Pet'r's Notice 1, ECF No. 18.)

The Court has reviewed the First Amended Petition, Respondent's Motion to Dismiss, and the lodgments. For the reasons expressed below, Respondent's Motion to Dismiss should be **GRANTED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In 1990, Petitioner Edward Tyrone Malone was convicted of two counts of attempted murder in the first degree in the Contra Costa County Superior Court. (See First Am. Pet. 46,[1] 56, ECF No. 10.) On November 13, 1990, Petitioner was sentenced to state prison for life with the possibility of parole. (Id. at 56.) In this federal habeas Petition, Malone challenges the 2009 decision of the Board of Parole Hearings ("BPH") to deny him parole. (Id.) On March 4, 2009, Petitioner appeared at a Subsequent Parole Consideration Hearing at the Kern Valley State Prison. (Lodgment No. 1, Subsequent Parole Consideration Hearing In re the Life Term Parole Consideration of Edward Malone, CDC No. E-76131 (Bd. Parole Hr'gs Mar. 4, 2009) (transcript at 1).) The Panel found Malone not suitable for parole based on the conclusion that he would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. (Id. at 53.) Presiding Commissioner Doyle described Malone's background and the reasons for the BPH decision as follows:

> This was a dispassionate, cruel, somewhat calculated attempted murder first degree. There were multiple victims shot. The offense was carried out certainly in a manner which demonstrated an exceptionally callous disregard for human suffering. Mr. Malone had a previous record of violence including an arrest for attempted murder in 1988. His social history was unstable, and included gang association from the early age of 12. His institutional behavior consists of a history of 115s[2] that include violence.

---

[1] Because Malone's First Amended Petition is not consecutively paginated, the Court will cite to it referring to the page numbers assigned by the Court's Electronic Case Filing System.
[2] A California Department of Corrections Form 115 "Rules Violation Report" documents misconduct "believed to be a violation of law or [that] is not minor in nature." Cal. Code Regs., tit. 15,

> His progress has been significantly – sufficiently recent with programming mostly in 2007, 2008. During this hearing Mr. Malone continually minimizes negative institutional behavior and showed no significant insight into the triggers that caused him to commit the crime. He had no remorse for what he had done beyond the fact that it landed him in prison for doing the crime. He has no viable parole plan at this time. Mr. Malone has made some positive progress, but it is very recent and needs to continue to be sustained. At this time this Panel feels that Mr. Malone still represents a danger to society and additional time is needed.

(Id. at 56-57.) Malone was advised to "continue to progress with no further 115s or 128s,[3] work to reduce his custody level, stay disciplinary free, earn positive chronos, certainly get additional self-help that can assist him, especially with his insight and minimization." (Id. at 57.) Petitioner was encouraged to learn a trade and get his GED. (Id.)

The BPH deferred Malone's next parole consideration for ten years. (Id. at 60.) The Board expressed its decision to impose the deferral period as follows:

> As it relates to the length of denial, the Panel finds clear and convincing evidence after considering the public and victim safety as well as parole consideration criteria set forth in Title 15, that Mr. Malone does not require a period of incarceration of 15 years before his next parole consideration hearing. However, that said, this Panel does not feel that it is reasonable or that, excuse me, that it is unreasonable that he have a hearing in the next 10 years. And the reason for that has been stated in the fact that Mr. Malone's history, his 115 history has been continual, does include violence and assaultive behavior. He had assaultive behavior as a juvenile. He did have a criminal history. He's had significant misconduct while in prison. His gains have been recent. He has no remorse, has developed no significant remorse, and before this crime or for – as it relates to this crime or the victims in this crime. And he's basically wasted a significant amount of time while incarcerated doing nothing. And it's going to take a while for him to

---

§ 3312(a)(3)); see Vargas v. Wabakken, No. EDCV 08-00822 VBF (SS), 2009 WL 656690, at *2 n.3 (C.D. Cal. Mar. 10, 2009).

[3] A California Department of Corrections Form 128–A, Custodial Counseling Chrono, is used "[w]hen similar minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed." Cal. Code Regs., tit. 15, § 3312(a)(2); see London v. Subia, No. CIV S-07-1489-LKK, 2010 WL 4483473, at *2 n.3 (E.D. Cal. Nov. 1, 2010).

>continue to program to the point where I think any panel is going to feel positive about signing a parole release for Mr. Malone.

(Id. at 57-58.) Malone was told he could petition for a new hearing within three years if his situation changed. (Id. at 59.) The hearing concluded on March 4, 2009, and the BPH decision became final on July 2, 2009. (Id. at 60.)

On December 8, 2011, Petitioner filed a state habeas petition challenging his denial of parole in the Contra Costa Superior Court. (See First Am. Pet. 3, ECF No. 10; Lodgment No. 2, Malone v. McEwen, No. 5-111946-0 (Cal. Super. Ct. filed Dec. 10, 2011) (petition for writ of habeas corpus).) Malone subsequently filed a second petition in the same court, which was denied on June 16, 2015. (See First Am. Pet. 3, 16-17, ECF No. 10.) He then filed a petition for writ of habeas corpus in the California Court of Appeal which was denied without comment on July 23, 2015. (See id. at 44.) His petition for review in the California Supreme Court was denied without comment on September 16, 2015. (Id. at 53.)

Malone brought his federal habeas Petition on October 20, 2015, in the Northern District of California. (Pet. 1, ECF No. 1.) The case was transferred to this Court on December 29, 2015 [ECF No. 5]. On February 5, 2016, Malone filed a First Amended Petition [ECF No. 10]. Malone appears to argue that the BPH decision denying him parole exceeded the maximum term set for his conviction, constituted cruel and unusual punishment, and violated the Ex Post Facto Clause. (First Am. Pet. 6-7, ECF No. 10.) Petitioner claims that because of his age, he is eligible for release pursuant to Senate Bill 261, codified as California Penal Code section 3051. (Id. at 8.) Finally, Malone argues that the BPH's stated reason for denial of parole, the risk of current dangerousness, is not supported by the record. (Id. at 9.)

Respondent filed a Motion to Dismiss the First Amended Petition, arguing that it is untimely because Malone did not file his Petition until after the AEDPA's one-year statute of limitations expired. (Resp't's Mot. Dismiss Attach. #1 Mem. P & A. 2, ECF No. 15.) Respondent also contends that that the Petition should be dismissed because all

the individual claims are procedurally deficient.  (Id.)

## II.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.A. § 2244 (West 2006), applies to all federal habeas petitions filed after April 24, 1996. Woodford v. Garceau, 538 U.S. 202, 204 (2003) (citing Lindh v. Murphy, 521 U.S. 320, 326 (1997)).  AEDPA sets forth the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.A. § 2254(a) (West 2006); see Reed v. Farley, 512 U.S. 339, 347 (1994); Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991).  Because Malone's Petition was filed on October 20, 2015, AEDPA applies to this case.  See Woodford, 538 U.S. at 204.

Section 2254(d) reads as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

To present a cognizable federal habeas corpus claim, a state prisoner must allege his conviction was obtained "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.A. § 2254(a).  A petitioner must allege the state court violated

his federal constitutional rights.  Hernandez, 930 F.2d at 719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988).

A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law.  Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that federal habeas courts must respect a state court's application of state law); Jackson, 921 F.2d at 885 (explaining that federal courts have no authority to review a state's application of its law).  Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude.  Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that federal habeas courts are not concerned with errors of state law "unless they rise to the level of a constitutional violation").

The Supreme Court, in Lockyer v. Andrade, 538 U.S. 63 (2003), stated that "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) -- whether a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law."  Id. at 71.  In other words, a federal court is not required to review the state court decision de novo.  Id.  Rather, a federal court can proceed directly to the reasonableness analysis under § 2254(d)(1).  Id.

The "novelty in . . . § 2254(d)(1) is . . . the reference to 'Federal law, as determined by the Supreme Court of the United States.'"  Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320 (1997).  Section 2254(d)(1) "explicitly identifies only the Supreme Court as the font of 'clearly established' rules."  Id. "A state court decision may not be overturned on habeas review, for example, because of a conflict with Ninth Circuit-based law . . . ."  Moore v. Calderon, 108 F.3d 261, 264 (9th Cir. 1997).  "[A] writ may issue only when the state court decision is 'contrary to, or involved an unreasonable application of,' an authoritative decision of the Supreme Court."  Id. (citing Childress v. Johnson, 103 F.3d 1221, 1224-26 (5th Cir. 1997); Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996)).

Furthermore, with respect to the factual findings of the trial court, AEDPA provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254(e)(1).

### III. DISCUSSION

Respondent moves to dismiss Malone's Petition as untimely, arguing that it was filed after the statute of limitations expired. (Resp't's Mot. Dismiss Attach. #1 Mem. P. & A. 3-4, ECF No. 15.) The statute of limitations is a threshold issue that courts may resolve before the merits of individual claims. See White v. Klitzkie, 281 F.3d 920, 921-22 (9th Cir. 2002). It is appropriate to dismiss a federal petition for writ of habeas corpus with prejudice when it was not filed within the AEDPA's one-year statute of limitations. Jiminez v. Rice, 276 F.3d 478, 482-83 (9th Cir. 2001).

The statute of limitations for federal habeas corpus petitions is set forth in § 2244(d), which provides in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1) (West 2006).

Malone's habeas petition does not challenge the underlying conviction or sentence, but rather the denial of parole and the effect on Petitioner's sentence. (See First Am. Pet. 6-9, ECF No. 10.) Section 2244(d)(1)'s one-year limitation period for all petitions filed by persons in custody pursuant to a state court judgment applies to petitions challenging administrative parole decisions. See Shelby v. Bartlett, 391 F.3d 1061, 1065 (9th Cir. 2004) (holding that one-year period of limitation applies to habeas petitions challenging state prison administrative decisions); see also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on parole board decisions).

In Redd, the district court dismissed a California state prisoner's federal habeas petition challenging the parole board decision as untimely, concluding "that the factual predicate' of [the prisoner's] claims was the Board's denial of [his] administrative appeal . . . , and that the limitations period began to run on the following day." Redd, 343 F.3d at 1080. The Ninth Circuit affirmed, explaining that the date of the factual predicate was to be determined "by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence." Id. at 1082.

In 2004, California eliminated administrative appeals procedures for decisions by the Parole Board. See Stratton v. Marshall, No. C 07–0431 CW, 2009 WL 1759694, at *4 (E.D. Cal. June 22, 2009) (citing Cal. Admin. Code, tit. 15 § 2050). Thus, the Board's denial of parole constitutes the "factual predicate" of a parole claim raised in a habeas petition. See Solorio v. Hartley, 591 F. Supp. 2d 1127, 1130 (C.D. Cal. 2008) ("'[F]or prisoners challenging administrative decisions such as the denial of parole . . . , AEDPA's statute of limitations begins running under § 2244(d)(1)(D) on the date the administrative decision became final.'") (quoting Redd, 343 F.3d at 1084); see also McAleese v. Brennan, 483 F.3d 206, 217 (3d Cir. 2007) (explaining that a parole denial constitutes the

"'factual predicate' of a habeas corpus claim under section 2254") (citing Johnson v. United States, 544 U.S. 295 (2005)).

Malone's parole consideration hearing was held on March 4, 2009, and the BPH announced its decision to deny parole the same day. (Lodgment No. 1, Subsequent Parole Consideration Hearing In re the Life Term Parole Consideration of Edward Malone, CDC No. E-76131 (transcript at 53-57).) Malone was present at the hearing and does not dispute that he learned of the decision on March 4, 2009. Nonetheless, because the decision did not become final until July 2, 2009,[4] (see id. at 60), the AEDPA statute of limitations in Malone's case was triggered on that date. The statute began to run the next day, on July 3, 2009. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Fed. R. Civ. P. 6(a) to AEDPA's one-year grace period). Absent tolling, the limitations period ended one year later, on July 3, 2010. Because Petitioner did not file his federal habeas Petition until October 20, 2015,[5] his Petition is untimely unless tolling applies.

## A.     Statutory Tolling

The one-year statute of limitations for the filing of a federal habeas petition is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C.A. § 2244(d)(2). The interval between the disposition of one state petition and the filing of another may be tolled under interval tolling. See Carey v. Saffold, 536 U.S. 214, 223 (2002). "[T]he AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'" Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting Barnett v. Lemaster, 167

---

[4] See Cal. Penal Code § 3041(b); 15 C.C.R. §§ 2041(h), 2043 (parole board decisions become final 120 days after the date of hearing).

[5] Respondent incorrectly argues that Malone filed his Petition on February 5, 2016. (See Resp't's Mot. Dismiss Attach. #1 Mem. P. & A. 4, ECF No. 15.) That is the date when the First Amended Petition was filed in this Court [ECF No. 10].

F.3d 1321, 1323 (10th Cir. 1999)); see also Carey, 536 U.S. at 222-23 (discussing California's collateral review process). The statute of limitations is tolled from the time a petitioner's first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state collateral challenge is filed. See Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007) (citing Nino, 183 F.3d at 1006).

Petitioner cannot avail himself of statutory tolling to avoid the expiration of the statute of limitations period because the limitations period began to run on July 3, 2009, and expired one year later on July 3, 2010. Malone filed a petition for writ of habeas corpus in the Contra Costa County Superior Court on December 8, 2011, more than a year after his AEDPA deadline expired. (Lodgment No. 2, Malone v. McEwen, No. 5-111946-0 (petition for writ of habeas corpus).) But "in order to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the prisoner's state habeas petition must be constructively filed before, not after, the expiration of AEDPA's one-year limitations period." Johnson v. Lewis, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004); see also Jiminez v. Rice, 276 F.3d at 482 (holding that the petitioner was not entitled to statutory tolling for state habeas petition filed "well after the AEDPA statute of limitations ended").

Malone's subsequent habeas petitions in the California Court of Appeal and the California Supreme Court had no tolling effect because they were filed after the expiration of the statute of limitations. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Accordingly, Petitioner is not entitled to statutory tolling.

**B.    Equitable Tolling**

Equitable tolling of the statute of limitations is appropriate when the petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted) (internal quotation marks omitted); Lawrence v. Florida, 549 U.S. 327, 335

(2007); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Rouse v. U.S. Dep't of State, 548 F.3d 871, 878-79 (9th Cir. 2008). A petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations where "'extraordinary circumstances beyond a prisoner's control made it impossible'" to file a timely petition. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003)).

"Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (alteration in original) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'" Spitsyn, 345 F.3d at 799 (quoting Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)).

Malone does not argue for equitable tolling, and the record does not provide a basis for such tolling of Petitioner's July 3, 2010 deadline to file a habeas petition. Malone's Petition was filed on October 20, 2015 [ECF No. 1], more than five years after the statute of limitations expired. Petitioner provides no evidence that any extraordinary circumstances justify his unreasonable delay in bringing the Petition. Malone has not established that his failure to timely file a federal habeas petition was the result of external forces and not due to his lack of diligence. See Miles, 187 F.3d at 1107.

Likewise, Petitioner failed to meet his burden of establishing that he exercised diligence in pursuing habeas relief. The diligence prong of equitable tolling requires petitioner to show that he was engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. See Mendoza v. Carey, 449 F.3d 1065, 1071 n.6 (9th Cir. 2006) (explaining that equitable tolling "requires both the presence of an extraordinary circumstance and the inmate's exercise of diligence" during the relevant time period); see also Pace, 544 U.S. at 419 (rejecting equitable

tolling and noting in part that petitioner waited over five months after his state post-conviction proceedings became final before filing his federal habeas petition). "The purpose of requiring a habeas petitioner to show diligence is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner's own doing, which caused the failure to timely file." Doe v. Busby, 661 F.3d 1001, 1012-13 (9th Cir. 2011) (citations omitted).

Petitioner did not demonstrate that he pursued his rights diligently or that extraordinary circumstances prevented his timely filing. Accordingly, he is not entitled to equitable tolling. For all the reasons set forth above, Malone's First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 should be dismissed as time-barred under AEDPA. Because the Court has concluded that the Petition must be dismissed as untimely, it need not reach Respondent's contention that the claims in the Petition are procedurally defaulted, have not been exhausted, or fail to state a federal question.

### IV.   CONCLUSION

Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus should be **GRANTED**. This Report and Recommendation will be submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before October 4, 2016. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before October 18, 2016. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  September 6, 2016

_____
Hon. Ruben B. Brooks
United States Magistrate Judge